UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RACHELLE PAURICH,                    )
                                     )
        Plaintiff,                   )
                                     )
              v.                     )    CAUSE NO:  1:19-cv-1110
                                     )
STS AVIATION GROUP, INC., AND        )
STS AVIATION GROUP, LLC              )
                                     )
        Defendant.                   )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Rachelle Paurich, hereinafter Ms. Paurich, by counsel,

pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendant, STS Aviation

Group, Inc. and STS Aviation Group, LLC, hereinafter Defendant, and shows the Court the

following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1337, 1343 and

    1345. This is an action authorized and instituted pursuant to Title VII of the Civil Rights

    Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and

    sex discrimination under Section 706 of Title VII of the Civil Rights Act of 1964, 42

    U.S.C. § 2000e-2(a)(1), the Equal Pay Act, 29 U.S.C. 206(d) and termination in

    retaliation for reporting safety violations in violation of I.C. § 22-5-3-3. .

2. The employment practices alleged to be unlawful were and are now being committed

    within the jurisdiction of the United States District Court for the Southern District of

1

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Paurich, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all times relevant hereto, Ms. Paurich was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f).

6. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b).

8. Defendant is a foreign for-profit corporation doing business in the state of Indiana and it is not registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

9. On or about October 18, 2018, Ms. Paurich filed charges of Sex Discrimination and Retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2019-00260.

10. On or about December 20, 2018, Ms. Paurich received a Notice of Right to Sue from the EEOC for Charge Number 470-2019-00260, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

12. The Defendant hired Ms. Paurich on or about December 18, 2017.

13. Throughout her employment with Defendant, Ms. Paurich met or exceeded Defendant's legitimate expectations of performance.

14. Ms. Paurich was the only female in her work group.

15. The Defendant would cut Ms. Paurich's hours and give them to her male co-workers.

16. Ms. Paurich's male co-workers were committing errors and fraudulent completing paperwork.

17. Ms. Paurich reported the fraudulent paperwork due to safety concerns.

18. Ms. Paurich was supposed to have a mentor with her at all times but the Defendant would not allow her to have a mentor.

19. Ms. Paurich had to stop a plane inspection due to improper installation by her male co-workers.

20. Ms. Paurich reported her concerns to the Defendant.

21. On May 21, 2018, the Defendant terminated Ms. Paurich's employment after she made her report.

22. Ms. Paurich had no discipline.

23. The Defendant intentionally gave more hours that Ms. Paurich due to her sex.

24. The Defendant failed to discipline male employees for poor work product.

25. The Defendant terminated Ms. Paurich in retaliation for her reports concerning safety and discrimination.

26.

27. The Defendant intentionally and willfully discriminated against Ms. Paurich due to her sex.

28. The Defendant treated male employees better more favorably than Ms. Paurich.

29. The Defendant intentionally terminated Ms. Paurich in retaliation for her reports of discrimination and fraudulent work.

## COUNT I

## DISCRIMINATION ON THE BASIS OF SEX

30. Ms. Paurich hereby incorporates by reference paragraphs 1 through 29 as though previously set out herein.

31. The Defendant intentionally terminated Ms. Paurich due to her sex.

32. The Defendant intentionally discriminated against Ms. Paurich due to her sex.

33. The Defendant intentionally provided more favorable terms of employment to males.

34. The Defendant terminated Ms. Paurich in reporting discrimination.

35. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Ms. Paurich's rights as a female employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of her employment, in violation of Title VII.

36. Ms. Paurich has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## UNLAWFUL RETALIATION

37. Ms. Paurich hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

38. Ms. Paurich reported safety violations and stopped an inspection due to improper installation.

39. Ms. Paurcih reported that paperwork was being fraudulently filled out resulting in safety violations and improper installation.

40. The Defendant performs work under public contracts for repairs to airplanes.

41. The Defendant terminated Ms. Paurich in retaliation for reporting safety violations and fraudulent submission of documentation.

42. Defendant's actions were intentional, willful and in reckless disregard of Ms. Paurich's rights under Indiana Law.

## COUNT III

## VIOLATION OF THE EQUAL PAY ACT

43. Ms. Paurich hereby incorporates by reference paragraphs 1 through 42 as though previously set out herein.

44. Defendant paid Ms. Paurich a female differently than her male co-workers.

45. The Defendant promoted male co-workers at a higher rate than females.

46. The Defendant paid similarly situated males more than Ms. Paurich.

5

47. The Defendant did not give raises to women including Ms. Paurich at the same rate as similarly situated males.

48. Ms. Paurich was terminated after reporting that she was not receiving as many hours as her male co-workers.

49. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as a female employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment, in violation of the Equal Pay Act.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Ms. Paurich, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Paurich her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. compensatory damages;

d. punitive damages;

e. liquidated damages

f. lost future wages

g. All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Paurich all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted:


/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff


## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Paurich, by counsel, respectfully requests a jury trial for all issues

deemed so triable.


Respectfully submitted:


/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
Attorney for Plaintiff

7